UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| FEDERICO FLORES, JR., MARIA GUERRERO, and VICENTE GUERRERO, *Plaintiffs*, <br><br> v. <br><br> DAVID WHITLEY, in his official capacity as Texas Secretary of State, and ARMANDINA MARTINEZ, ALMA GARCIA, ALICIA DOUGHERTY NO. 1, ALICIA DOUGHERTY NO. 2, YOLANDA MARTINEZ, *Defendants*. | § § § § § § § § § § § § § § § | Case No. 7:18-cv-113 |

## DEFENDANT DAVID WHITLEY'S ANSWER AND DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant David Whitley respectfully files his Answer and Defenses to Plaintiffs' Second Amended Complaint (Doc. 58), and shows the Court as follows:

### ANSWER TO COMPLAINT

Pursuant to Federal Rule of Civil Procedure 8(d), Defendant denies each and every allegation contained in the Second Amended Complaint except for those expressly admitted herein. The headings and numbered paragraphs below directly correlate to the sections and numbered paragraphs of the Amended Complaint. Those titles and headings are reproduced in this Answer for organizational purposes only, and Defendant Whitley does not admit any matter contained therein.

### Certificate of Conference for Amended Complaint

1. Paragraph 1 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations

requiring a response, Defendant admits only that he provided Plaintiffs' counsel with written consent to file their amended complaint.

## Preliminary Statement

2. Paragraph 2 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant admits only that the Court issued several rulings from the bench at the March 19, 2019 hearing.

3. Defendant admits that Plaintiffs' ballots were rejected by the Early Voting Ballot Board. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, and on that basis denies those allegations in their entirety.

4. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

5. Paragraph 5 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant denies the allegations in this Paragraph.

6. Paragraph 6 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant denies the allegations in this Paragraph.

## Parties

7. Defendant admits that Federico Flores, Jr. is a plaintiff in this case. Defendant admits that Mr. Flores' ballot was rejected. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, and on that basis denies those allegations in their entirety.

8. Defendant admits that Maria Guerrero is a plaintiff in this case. Defendant admits that Ms. Guerrero's ballot was rejected. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, and on that basis denies those allegations in their entirety.

9. Defendant admits that Vicente Guerrero is a plaintiff in this case. Defendant admits that Mr. Guerrero's ballot was rejected. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, and on that basis denies those allegations in their entirety.

10. Defendant admits that he is the Texas Secretary of State. The remaining allegations in Paragraph 10 contain assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any further factual allegations requiring a response, Defendant denies the allegations in this Paragraph.

11. Defendant admits that Armandina Martinez is named as a defendant in this case. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, and on that basis denies those allegations in their entirety.

12. Defendant admits that Alma Garcia, Alicia Dougherty No. 1, Alicia Dougherty No. 2, and Yolanda Martinez are named as defendants in this case. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, and on that basis denies those allegations in their entirety.

## Jurisdiction and Venue

13. Paragraph 13 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant admits that, as a general matter, 28 U.S.C. § 1331 grants this

Court jurisdiction to hear federal questions. Defendant denies that Defendant has committed any violation of applicable law or that Plaintiffs have otherwise demonstrated this Court's subject matter jurisdiction over any claims against Defendant.

14. Paragraph 14 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant admits that, as a general matter, 28 U.S.C. § 1391(b) addresses the appropriate venue for cases over which this Court may have jurisdiction, including that "[a] civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Defendant denies that he has committed any violation of applicable law.

## Background

**Summary of Texas framework for applying for, and returning, ballot by mail, and delivery of timely-returned ballots to the Early Voting Ballot Board**

15. Paragraph 15 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant admits only that this Paragraph purports to provide a partial summary of Texas law regarding voting by mail.

16. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

17. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

18. Paragraph 18 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant admits only that this Paragraph purports to provide a partial

summary of Texas law regarding voting by mail.

19. Paragraph 19 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant admits only that this Paragraph purports to provide a partial summary of Texas law regarding voting by mail.

20. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

21. Paragraph 21 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant admits only that this Paragraph purports to provide a partial summary of Texas law regarding voting by mail.

22. Paragraph 22 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant admits only that this Paragraph purports to provide a partial summary of Texas law regarding voting by mail.

**Procedure for appointment of Early Voting Ballot Board**

23. Paragraph 23 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant admits only that this Paragraph purports to provide a partial summary of Texas law regarding appointment to the Early Voting Ballot Board.

24. Paragraph 24 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant admits only that this Paragraph purports to provide a partial summary of Texas law regarding appointment to the Early Voting Ballot Board.

25. Paragraph 25 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant admits only that this Paragraph purports to provide a partial summary of Texas law regarding appointment to the Early Voting Ballot Board.

**Qualifying ballots voted by mail**

26. Paragraph 26 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant admits only that this Paragraph purports to provide a partial summary of Texas law regarding the review of mail-in ballots.

27. Paragraph 27 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant admits only that this Paragraph purports to provide a partial summary of Texas law regarding the review of mail-in ballots.

28. Paragraph 28 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant admits only that this Paragraph purports to provide a partial summary of Texas law regarding the review of mail-in ballots.

29. Paragraph 29 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant admits only that this Paragraph purports to provide a partial summary of Texas law regarding the review of mail-in ballots.

30. Paragraph 30 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant admits only that this Paragraph purports to provide a partial

summary of Texas law regarding the review of mail-in ballots.

31. Paragraph 31 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant admits only that this Paragraph purports to provide a partial summary of Texas law regarding the review of mail-in ballots.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant admits that Paragraph 33 recites from Section 87.127 of the Texas Election Code. Defendant denies the remaining allegations in Paragraph 33 of the Complaint.

**The EVBB's effectively unreviewable authority to reject mail ballots contrasted with the process for review of provisional ballots.**

34. Defendant admits that some voters may vote provisionally under Texas law if they meet the requirements set forth in the Texas Election Code. Defendant denies the remaining allegations in Paragraph 34 of the Complaint.

35. Defendant admits only that Paragraph 35 recites from Section 65.053 of the Texas Election Code. Defendant denies the remaining allegations in Paragraph 35 of the Complaint.

36. Defendant admits only that Paragraph 36 recites from Section 65.0541 of the Texas Election Code. Defendant denies the remaining allegations in Paragraph 36 of the Complaint.

37. Defendant admits only that Paragraph 37 recites from Section 65.051 of the Texas Election Code. Defendant denies the remaining allegations in Paragraph 37 of the Complaint.

38. Defendant admits only that Paragraph 38 recites from Section 65.054 of the Texas Election Code. Defendant denies the remaining allegations in Paragraph 38 of the Complaint.

39. Defendant admits only that Paragraph 38 recites from Section 65.052 of the Texas Election Code. Defendant denies the remaining allegations in Paragraph 39 of the Complaint.

40. Defendant admits only that Section 65.057 of the Texas Election Code provides a process for accepting provisional ballots. Defendant denies the remaining allegations in Paragraph 40 of

the Complaint.

**Plaintiff Federico Flores, Jr.**

41. Defendant admits that Mr. Flores' ballot was rejected in the March 2018 primary elections. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, and on that basis denies those allegations in their entirety.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

**Plaintiffs Maria & Vicente Guerrero**

43. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

44. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

45. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

**Count 1: The lack of a process affording a voter the opportunity to cure a deficiency resulting in the rejection of his or her mail ballot violates the right to vote and the right to due process and equal protection of the law.**

46. Paragraph 46 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant denies the allegations in this Paragraph.

47. Paragraph 47 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant denies the allegations in this Paragraph.

48. Paragraph 48 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations

requiring a response, Defendant denies the allegations in this Paragraph.

49. Paragraph 49 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant denies the allegations in this Paragraph.

50. Paragraph 50 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant denies the allegations in this Paragraph.

51. Paragraph 51 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant denies the allegations in this Paragraph.

**County 2: The lack of uniform standards for reviewing voter signatures to determine whether a ballot is acceptable violates equal protection**

52. Paragraph 52 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant denies the allegations in this Paragraph.

53. Paragraph 53 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant denies the allegations in this Paragraph.

54. Paragraph 54 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant denies the allegations in this Paragraph.

55. Paragraph 55 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant denies the allegations in this Paragraph.

**Count 3: The manner in which the Starr County EVBB reviewed carrier envelopes**

**for acceptance in this election — whereby each individual member made unilateral decisions to accept or reject—violates equal protection.**

56. Paragraph 56 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant denies the allegations in this Paragraph.

57. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

58. Paragraph 58 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant denies the allegations in this Paragraph.

59. Paragraph 59 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant denies the allegations in this Paragraph.

## Prayer

Defendant denies that any relief sought by Plaintiffs in paragraphs (1)-(8) in the "Prayer" section of their Complaint is appropriate and warranted.

## DEFENDANT'S DEFENSES

1. Defendant asserts the defense of Eleventh Amendment immunity to all claims to which that defense applies.

2. Defendant asserts that Plaintiffs lack standing to pursue any their claims against Defendant.

3. Defendant asserts that Plaintiffs have failed to state claims upon which relief can be granted.

4. Defendant asserts that he has fully complied with all applicable laws.

5. Defendant reserves the right to raise additional affirmative defenses as they become apparent during the development of the case.

## DEFENDANT'S PRAYER

For the foregoing reasons, Defendant asks the Court to enter judgment that Plaintiffs take nothing, dismiss Plaintiffs' suit with prejudice, assess costs against Plaintiffs, and award Defendant all other relief the Court deems appropriate.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

AMANDA J. COCHRAN-MCCALL
Chief, General Litigation Division

*/s/ Michael R. Abrams*
MICHAEL R. ABRAMS
Assistant Attorney General
Texas Bar No. 24087072
Southern District ID No. 2513900
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 463-2120
Facsimile: (512) 320-0667
michael.abrams@oag.texas.gov

**Counsel for Defendant Whitley**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent by electronic notification through CM/ECF system on May 23, 2019 to all counsel of record.

<i>/s/ Michael R. Abrams</i><br>
MICHAEL R. ABRAMS