**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **FREDERICO FLORES JR., et al.** | § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CIVIL ACTION NO. **7:18-cv-113** |
| **TEXAS SECRETARY OF STATE, and ARMANDINA MARTINEZ, ALMA GARCIA, ALICIA DOUGHERTY NO. 1, ALICIA DOUGHERTY NO. 2, YOLANDA MARTINEZ,** | § § § § § § | |
| *Defendants.* | § § § § § | |

**DEFENDANTS ARMANDINA MARTINEZ, ALMA GARCIA, ALICIA DOUGHERTY NO. 1, ALICIA DOUGHERTY NO. 2, YOLANDA MARTINEZ'S RESPONSE TO PLAINTIFFS' AMENDED JOINT MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE DISTRICT COURT JUDGE RICARDO H. HINOJOSA—

In previous motions for summary judgment, the plaintiffs sought a motion for summary judgment based, in part, on their "as applied" challenge to the manner in which the Starr County Early Vote Ballot Board ("EVBB") followed Texas' decades-old mail-in ballot acceptance laws and procedures. *See:* Dkt. 25 p. 18  After the dismissal of the original plaintiffs, the new plaintiffs have filed an amended joint motion for summary judgment. In this this most recent motion (Dkt. 67), while nominally asking that summary judgment be granted against the EVBB

defendants, the new plaintiffs appear to have abandoned their motion for summary judgment for the "as applied" challenge. In an abundance of caution, the EVBB defendants will respond to the motion as they have in their previous response to the plaintiff's motion for summary judgment.

A careful review of the plaintiffs' amended motion for summary judgment proves that the EVBB Defendants did not violate the plaintiffs' civil rights and performed their duties lawfully. Several Texas courts have validated the actions of the EVBB defendants and there is no proof in this motion or any other motion that the actions of the EVBB violated the rights of the plaintiffs. As such, this motion must be denied.

## Argument and Authorities

The plaintiffs' Amended Joint Motion for Summary Judgment seeks summary judgment only on one basis, a procedural due process violation of the right to vote because Texas law does not allow an opportunity to cure rejected mail-in ballots. *See* Dkt. 67. To be clear, this is facial challenge of Texas law. Currently, Starr County is not in position to cure a rejected mail-in ballot within the parameters of Texas law. As this is an amended joint motion for summary judgment, the EVBB defendants will focus its argument on any residual "as applied" elements to the extant motions for summary judgment.

### I.  Starr County's EVBB did not violate the plaintiff's Equal Protection

#### A.  Starr County's EVBB followed Texas Election Law

Plaintiffs have yet to point to any conduct by the EVBB Defendants that would form the basis of a cognizable claim under current federal or state law. The injury alleged by the Plaintiffs is that the EVBB defendants had a process of counting mail in ballots that is inconsistent with state laws, regarding the manner of reviewing and accepting or rejecting mail in ballots. Specifically, the plaintiffs asserted that the EVBB members acted individually and unilaterally to

determine whether a carrier envelope should be accepted or rejected. However, the process used by the EVBB followed the law and has been verified as lawful by an election tribunal and an appeals court. Texas' Fourth Court of Appeals has determined in the Plaintiffs' state court election challenge that the "procedure used by the board [EVBB] did not invalidate the board's decision." *Galvan v. Vera*, 2018 WL 4096383, at 5 (CA 04-18-00309, Court of Appeals, San Antonio, Texas, August 29, 2018) (no pet. h.). The Court specifically reviewed the process by which the EVBB acted and found:

> "Finally, Galvan and Vela contend the trial court erred in failing to find the early voting ballot board's failure to review the ballots as a board invalidates their decisions. Section 87.041(a) of the Election Code provides, "The early voting ballot board shall open each jacket envelope for an early voting ballot voted by mail and determine whether to accept the voter's ballot." TEX. ELEC. CODE ANN. § 87.041(a) (Supp. 2017). Section 87.041 (b) lists the seven requirements that must be met in order to accept a ballot, and section 87.041(d) provides a ballot must be rejected if any requirement prescribed by subsection (b) is not satisfied. Id. §§ 87.041(b), 87.041(d). **Nothing in the statute, however, dictates the procedures the board is required to follow in making its determination. In this case, individual board members reviewed the ballots for compliance with the requirements and consulted other board members with questions. Because the statute does not dictate a procedure the board must follow in making its decision to accept or reject a ballot, we hold the procedure used by the board did not invalidate the board's decisions.**"

*Id.* at 5. (emphasis added). It is clear that the actions of the Starr County EVBB did not deviate from Texas law nor did it have the effect of rejecting lawful voters.

### B. There is no evidence that EVBB's process violated the Constitution

In order to evaluate the alleged violation of procedural due process, Courts analyze three factors: 1) the private interest that will be affected by the official action, 2) the risk of erroneous deprivation of such interest through the procedures used and the value of substitute procedural safeguards, and 3) the government's interest in the procedure. *Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976). In an "as applied" context, the Plaintiff's must prove that the process

adopted by the Starr County EVBB itself risked the erroneous deprivation of a private interest.

In order to prove this at the summary judgment phase, the previous plaintiffs marshalled two categories of evidence: 1) a chart comparing the acceptance or rejection of mail-in ballots in various counties in Texas, and 2) the depositions of two of the EVBB defendants. Both of these pieces of evidence fail to prove that the Starr County EVBB violated equal protection. The Amended Joint Motion for Summary Judgment (Dkt. 67) only reiterates that "147 [mail-in] ballots were rejected." Dkt. 67, p. 9.

Summary judgment is appropriate only "where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Breen v. Teas A&M Univ.*, 485 F.3d 325,331 (5th Cir. 2007). The evidence shall be looked on in the best light of the non-movant. *Goodson v City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

The number of mail-in ballot rejections and the chart describing that rejection rate compared to other counties is only proof of a possible election anomaly. It does not point to a cause or source of that possible anomaly. In fact, there is evidence of alternate explanations for the outlying nature of the rejection rate. Specifically, there is some evidence of inappropriate and, possibly, illegal vote by mail harvesting in this election. "[A] *politiquera*, it's a person -- a term used here when a person works elections. They're hired by candidates to bring in votes or block walk or mail-in ballots." Dkt. 25-2, Plaintiffs' Motion for Summary Judgment Exhibit 15- "Martie Garcia Vela Deposition, p. 21, lns. 13-16. *Politiqueras* "will go and assist voters at their homes with the ballots, pick them up. At some point, put stamps on them for the voters and take them to the mail for the voters to ensure that they are sent off." *Id.* at p. 21, lns. 19-22. The Plaintiffs hired *politiqueras*. *Id.* at p. 24, lns. 17-18. Multiple campaigns in Starr County also hired *politiqueras* to harvest mail-in ballots. *Id*. pp. 29-34. The use of ballot harvesting is an

alternate explanation for the anomaly of the rate of rejections of mail-in ballots, as illegally harvest ballots may not be counted by law. Tex. Elec. Code § 86.006 (h). In addition, poorly-assisted mail ballots may also create errors that would lead to the rejection of a mail ballot, and may lead to signature mismatches. This competing explanation, and the use of *politiqueras* by multiple campaigns in the disputed election, creates a question of fact that must be evaluated by a fact-finder in this "as applied" challenge.

Secondly, the Plaintiffs generally cite the depositions of two of the EVBB members for the proposition that individual members of the EVBB acted unilaterally to accept or reject ballots. This general assertion without specific citation requires the fact-finder to sift through the pages of the deposition in order to find the evidence necessary to "prove" the assertion. This misadventure should be rejected. More importantly, the actual record proves that the members acted in concert with each other and acted as a group to accept or reject votes. Defendant Martinez described the process taken by the EVBB as follows:

> "Everybody would do the same thing through the whole batch, they would get all the envelopes, separate them, rubber-band them, and put them in the box. Then the next envelope, we would open up also. And they would separate the envelope from what was inside. Get all the empty envelopes, rubber-band them, put them in the box until we got to where we checked the signatures on the envelope as the -- I guess it's the application, I'm not for sure. That's when we doublechecked the signatures to see if we reject or accept. From there, it was either reject or accept or ask the person next to you what they thought, if it was reject or accept."

Dkt. 25-12, Plaintiffs' Motion for Summary Judgment Exhibit 17- "Deposition of Yolanda Martinez", p. 11, lns. 7-21.

It is clear that the group used the same process for all ballots. It is also clear that the group acted in concert with each other. Defendant Armandina Martinez described the process similarly. "We proceed to compare, you know, signature or even if it has a signature. So then we either accept or reject the mail-in after we compare it to the signature. If it's rejected, we get a

pile. If it's accepted, we leave it there." Dkt. 25-11, Plaintiffs' Motion for Summary Judgment Exhibit 16- "Deposition Armandina Martinez", p. 21, lns. 13-16. From this testimony, it is clear that the EVBB members acted together, made group decisions, and used the same standard for each proffered voter.

However, even if the EVBB members acted, in part, individually, there is no evidence offered or cited that this would violate the due process rights of any of the plaintiffs. There is no evidence cited in the motions or in the record that any of the EVBB members acted with an impermissible intent or without a guiding principle. Their actions have been verified by, at least, two Texas courts. There is also no evidence provided by the plaintiff that the specific action of EVBB defendants lead to the rejection of the mail-in ballots of the plaintiffs, as the plaintiffs have admitted that their signatures on their mail-in ballot applications do not match the signatures on their carrier envelopes.  All of this is to say, that none of the cited proof of the plaintiffs proves that the EVBB risked the erroneous deprivation of a private right. At the very least, there is insufficient contestation of these facts to warrant the review of the evidence by a fact-finder.

### C.  There is no evidence that any of Plaintiffs have been injured by the EVBB

The original plaintiffs did not vote by mail and, thus, cannot be hurt by alleged the actions or omissions of the EVBB.  There is also no cited proof that the EVBB violated the rights of the new plaintiffs nor that in the future their rights would be violated. There is no evidence cited by the plaintiff or in the record that suggests that the process adopted by the EVBB lead to the rejection of the votes of any plaintiffs who voted by mail. There is no cited evidence by the plaintiff that the process adopted by the EVBB lead to any greater risk of rejection than other similarly situated voters. In sum, the plaintiffs have provided exactly zero evidence that any of

the lawful actions by the EVBB lead to violation of any of the rights of the plaintiffs.

In fact, the plaintiffs agree that their signatures on the carrier envelope of their mail-in ballot may not match their mail in ballot applications. For instance, Mr. Flores makes clear that his signature differs in several important ways:

> "Q. Mr. Flores, how were you notified that your ballot in the March 2018 Democratic Primary was being rejected?
>
> A. Well, this person, Amalia, she brought me this and said that it had been rejected because of my signature. Not only mine. Several forms -- ballots had been rejected, and, I mean, that they were going to look into this and check. **I mean, I agree because, I mean, I wasn't signing the same way due to the condition on my hands.**"

Flores Dep. 14:15-15:6, May 13, 2019. Maria Guerrero stated that she altered her signature to fit within the signature box of the carrier envelope. Guerrero, Maria Dep. 10: 8- 23, July 25, 2019. If the plaintiffs admit that their signatures do not match, then there is no basis for or evidence that the Starr County EVBB violated the plaintiff's due process rights by following Texas law.

More importantly, the plaintiff's summary judgment evidence proves too much and completely exonerates the EVBB defendants from any liability for their rejection of any of the plaintiffs' mail-in ballots. Dr. Mohammed's, the plaintiffs' expert, makes clear that even fully trained forensic document analysts could not make reliable signature comparisons under the time constraints and other limitations of the Texas mail-in ballot acceptance system. Dkt. 67-7, p. 47-50. (Dr. Mohammed expert decl.). If it is impossible for trained-experts to meet this standard given the constraints, then it is impossible for all practitioners, including the Starr County EVBB defendants. The EVBB defendants cannot face liability for following Texas law and trying to accomplish what plaintiff's believe is truly impossible.

### D.  Plaintiffs are barred from relief by Rooker-Feldman Doctrine

Nor can the plaintiffs seek redress from this Court for supposed violations of Texas Election Law. These mail-in ballots have been reviewed by two Texas state courts. Any relief based on supposed violations of state statutes, like the Election Code, are bared by the Rooker-Feldman Doctrine. The Rooker-Feldman doctrine makes clear that federal courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments." *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine is premised on the idea that federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts. *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000). If a state court errs in its judgment, it can "be reviewed and corrected by the appropriate state appellate court." Id. "[R]ecourse at the federal level is limited solely to an application for writ of certiorari to the United States Supreme Court." Id. (internal quotations and footnotes omitted). Accordingly, to the extent that Plaintiff is re-litigating state election law claims in this Court that were unsuccessfully raised in his state court lawsuit, those claims are barred, and must be dismissed.

### Conclusion

There simply is no proof that the EVBB defendants engaged in any kind of conduct that would give rise to "an applied" challenge of the plaintiff's due process rights. The evidence provided is deeply contested and should be evaluated by a fact-finder. The record in this case proves that the Starr County EVBB followed the law and has not violated any of the rights of the plaintiffs. For the foregoing reasons, Plaintiffs' Motion for Summary Judgment should be denied.

DATED:    August 19, 2019                  Respectfully,

By: /s/ Jose Garza

GARZA GOLANDO MORAN
Jose Garza
Attorney-In- Charge
garzpalm@aol.com
Texas Bar No. 07731950

Martin Golando
Texas Bar No.
405 N. St. Mary's, Suite 700
San Antonio, Texas 78205
(210) 892-8543
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that, on August 19, 2019, I filed the foregoing EVBB Defendants' Motion to Dismiss with the Court's ECF/CM system, which will serve a copy on all counsel of record.

*/s/ Jose Garza*
Jose Garza