IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| OCA GREATER HOUSTON, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 1:15-CV-679-RP |
| | § | |
| STATE OF TEXAS, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

On August 12, 2016, the Court entered an order granting summary judgment against the State of Texas and Carlos Cascos, who was sued in his official capacity as the Texas Secretary of State (collectively, "Defendants"). (August 12th Order, Dkt. 60). The Court then invited the parties to file motions advising the Court of their positions on the appropriate relief in this case.

On August 30, 2016, after considering the parties' filings, this Court entered another order clarifying the relief described in its August 12th Order. (August 30th Order, Dkt. 66). In that order, the Court found that Texas Election Code ("the Election Code" or "TEC") Sections 61.032,[1] 61.033,[2] and 64.0321[3] were inconsistent with Section 208 of the VRA ("Section 208"). (*Id.* at 2–3). The Court then enjoined "the Defendants, their employees, agents, and successors in office, and all persons acting in concert with them, from enforcement of those provisions." (*Id.* at 3).

Defendants appealed the Court's grant of summary judgment and its injunction. *See OCA-Greater Houston v. Texas*, 867 F.3d 604, 607 (5th Cir. 2017). On August 16, 2017, the United States

---

[1] "To be eligible to serve as an interpreter, a person must be a registered voter of the county in which the voter needing the interpreter resides." TEX. ELEC. CODE § 61.032.

[2] "To be eligible to serve as an interpreter, a person must be a registered voter of the county in which the voter needing the interpreter resides." TEX. ELEC. CODE § 61.033.

[3] "For purposes of this subchapter and Sections 85.035 and 86.010, assisting a voter includes the following conduct by a person other than the voter that occurs while the person is in the presence of the voter's ballot or carrier envelope: (1) reading the ballot to the voter; (2) directing the voter to read the ballot; (3) marking the voter's ballot; or (4) directing the voter to mark the ballot." TEX. ELEC. CODE § 64.0321.

Court of Appeals for the Fifth Circuit ("Court of Appeals") upheld the Court's grant of summary judgment but found the injunction to be overbroad. *Id.* at 615–16. It then vacated the injunction and remanded the case to this Court for entry of a new remedy. *Id.*

The Court of Appeals found that the injunction "exceeds the scope of the parties' presentation, which was limited to Tex. Elec. Code. § 61.033." *Id.* Specifically, the court found that the parties never argued that Section 61.032 violated the VRA and that Plaintiff The Organization of Chinese Americans-Greater Houston's ("OCA") complaint only seeks a declaration that Section 61.033 violates the VRA. *Id.* at 615. The Court of Appeals also found that the injunction "exceeds the scope of the OCA's harm." *Id.* at 616. In light of these findings, the Court will enter a narrower injunction tailored more closely to the harm articulated and the relief sought by OCA in its pleadings and motion for summary judgment.

## I. DISCUSSION

In crafting a narrower injunction, the Court is mindful of the Court of Appeals' admonition to craft an injunction limited to the parties' presentations and the scope of OCA's harm. *Id.* at 616, 616 n.49, 616 n.50 (citing *Scott v. Schedler*, 826 F.3d 207, 214 (5th Cir. 2016) ("We merely remind the district court that its injunction may not encompass more conduct than was requested or exceed the legal basis of the lawsuit.") and *Meltzer v. Bd. of Pub. Instruction of Orange Cty., Fla.*, 548 F.2d 559, 568 (5th Cir. 1977), *aff'd in part and rev'd in part en banc* 577 F.2d 311 (5th Cir. 1978) ("[A] court should impose upon a defendant no restriction greater than necessary to protect the plaintiff from the injury of which he complains.")). The Court is also careful not to reexamine issues of fact or law decided on appeal absent exceptional circumstances. *Ball v. LeBlanc*, 881 F.3d 346, 351 (5th Cir. 2018)

From these principles, it is clear that a revised injunction ought to apply to Section 61.033 but not to Section 61.032. The Court and the Court of Appeals both found that Section 61.033 is

inconsistent with and preempted by Section 208. (Order, Dkt. 60, at 20); *OCA-Greater Houston*, 867 F.3d at 615. As the Court of Appeals observed, the parties' dispute has centrally concerned Section 61.033 throughout this litigation, and Texas's enforcement of Section 61.033 is directly tied to OCA's injury. The Court's revised injunction will therefore apply to Section 61.033. Meanwhile, the Court does not find that any exceptional circumstances exist to justify reexamining the Court of Appeals' factual findings; it is therefore bound by the appellate court's explicit finding that Section 61.032 lies outside the scope of the parties presentation and OCA's harm. *OCA-Greater Houston*, 867 F.3d at 615–16.[4] The Court's revised injunction will not apply to Section 61.032.

### A. Section 64.0321

What remains is whether the Court will include Section 64.0321 in its revised injunction. The Court appreciates that Section 61.033 was the focal point of the parties' dispute. However, Section 64.0321 was consistently placed at issue by the parties, and the Court cannot appropriately redress OCA's injury without including Section 64.0321 in its injunction. For the reasons discussed below, the Court will include Section 64.0321 in its revised injunction.

### 1. The Parties' Presentation

This case turns largely on the scope of Section 208. *Id.* at 614 ("At bottom, the question presented by this case is how broadly to read the term 'to vote' in Section 208 of the VRA."). On appeal, the parties addressed that legal issue from two directions: by arguing both that the Election Code's assistor provisions were (or were not) coextensive with Section 208 and also that the

---

[4] The Court of Appeals also stated that the Court's original injunction "exceeds the scope of the parties' presentation, which was limited to Tex. Elec. Code § 61.033." *OCA-Greater Houston*, 867 F.3d at 616. The Court interprets that statement to refer to Section 61.032 but not also to Section 64.0321 for several reasons. First, that statement follows a discussion that is specific to Section 61.032 and includes factual findings relevant to that provision. *Id.* at 615–16. Second, that same discussion is silent regarding Section 64.0321 and the assistor provisions in general, even though the original injunction applied to Section 64.0321. *Id.* Third, for the reasons discussed in this order, the Court finds strong support for the conclusion that the parties' presentation of their dispute and OCA's articulation of its injury both warrant injunctive relief directed not only at Section 61.033 but also at Section 64.0321. Taken together, the Court understands the Court of Appeals' opinion to make a factual finding that the original injunction was overbroad with respect to Section 61.032 but not to include a finding regarding Section 64.0321.

Election Code's interpreter provisions were (or were not) inconsistent with Section 208. *See id.* ("[Texas] says its Election Code's assistor provisions provide its voters with the full scope of assistance guaranteed by Section 208 . . . [and that t]he supplemental interpreter right . . . is beyond Section 208's coverage.").

The parties' arguments on appeal were consistent with their approach throughout this litigation. In its amended complaint, for example, OCA alleges that it is harmed by Defendants' enforcement of Section 61.033, which limits a person's choice of interpreter. Meanwhile, OCA also alleges that Section 64.0321 is relevant law and that Defendants violated the VRA by failing to "allow eligible voters to receive necessary assistance from any person of their choice." (*Id.* ¶ 34). In its prayer for relief, OCA asks the Court to not only declare that Section 61.033 violates the VRA, but also to enjoin Defendants from "engaging in any act or practice that denies the rights secured by Section 208." (*Id.* at 8).

In moving to dismiss OCA's claims, Defendants argued that Texas law comports with the VRA because the assistor provisions—including Section 64.0321, which permits a voter to use an assistor only in the ballot box—give voters the "help to which they are entitled under the [VRA]." (State Defs.' Mot. Dismiss, Dkt. 21, at 10). Defendants' theory at that stage, as it remained through this litigation, was that the interpreter provisions are supplemental to Section 208, and therefore that any restrictions on interpreter eligibility do not conflict with the VRA. (*Id.*). In its response, OCA argued not only that Section 61.033 is inconsistent with the VRA, but also that Defendants' interpretation of Section 64.0321 violates the VRA because Section 208 "extends beyond the ballot box and embraces the entire voting process." (Pls.' Resp. State Defs.' Mot. Dismiss, Dkt. 24, at 6, 8).

At summary judgment, Defendants' arguments again included the scope of the assistor provisions. (*See* State Defs.' Mot. Summ. J., Dkt. 45, at 16–18 (arguing that the assistor provisions do "precisely" the same thing as Section 208); State Defs.' Resp. Pls.' Mot. Summ. J., Dkt. 48, at 6–7

(calling the assistor provisions the "state equivalent" of Section 208)). So, too, did OCA's arguments in its own motion for summary judgment and in its response to Defendants' motion. (Pls.' Mot. Summ. J., Dkt. 44, at 10–11 (arguing that Defendants' interpretation of the TEC improperly restricts a voter's choice of assistor outside the ballot box); Pls.' Resp. State Defs.' Mot. Summ. J., Dkt. 51, at 14 (arguing that the assistor provisions are "insufficient to implement Section 208")).

Finally, after the Court requested briefing on appropriate injunctive relief, OCA requested a remedial plan that included instructing poll workers that Section 64.0321 did not limit assistance to the ballot box. (Proposed Order, Dkt. 61-2, at 1–2). OCA also asked for revised instructions informing poll workers that any qualified assistor could also serve as an interpreter. (*Id.* at 2). In light of this record, the Court finds that the parties' presentation of the legal issues throughout this litigation places Section 64.0321 appropriately within the scope of injunctive relief.

## 2. The Scope of OCA's Harm

Not only has Section 64.0321 been a consistent feature of the parties' presentation of their dispute, it also contributed to the injury suffered by every plaintiff in this action, including and especially OCA. Section 64.0321 creates confusion for poll workers and voters about who can help a person under Section 208 and when, depriving voters of federally protected assistance and creating opportunity costs for OCA.

Consider, for example, the events that gave rise to this case. A poll worker asked Mallika Das's ("Ms. Das") son whether he intended to act as an "assistor" or an "interpreter." (Am. Compl., Dkt. 14, ¶ 25). When he responded that he intended to interpret for his mother, the poll worker asked about his voter registration and then turned him away. (*Id.* ¶¶ 26–27).

Ms. Das's son was turned away not only because the poll worker enforced Section 61.033 but also because he enforced Section 64.0321. Suppose, for example, that the poll worker did not enforce Section 64.0321 (permitting an assistor outside the ballot box) but did enforce Section

61.033; he might still have turned away Ms. Das's son when he stated that he intended to "interpret" for his mother rather than "assist" her, because only voters registered in the same county can serve as an "interpreter." Or suppose, on the other hand, that the poll worker enforced Section 64.0321 but ignored Section 61.033; had Ms. Das's son said that he was there to "assist" his mother, the poll worker could have kept him from helping her outside of the ballot box. In other words, even if only one of either Section 61.033 or 64.0321 were in place, Ms. Das still would have encountered what OCA describes as the "secret password" problem: only voters savvy enough to know what to call their helper are able to enjoy the rights afforded them under Section 208. (Pls.' Resp. State Defs.' Mot. Dismiss, Dkt. 24, at 9).

The "secret password" problem is a central feature of OCA's injury. In its amended complaint, OCA alleges that it is injured by having to expend its scarce resources educating constituents on how to navigate the rules pertaining to interpreters. (Am. Compl., Dkt. 14, ¶ 10). In its motion for summary judgment, OCA argued that its injuries included the time and effort it must expend educating voters on the distinctions between an "assistor" and an "interpreter," which are subject to different regulations. (Pls.' Mot. Summ. J., Dkt. 44, at 17). OCA presented evidence that it has to explain to people the need to specify that their helper is an "assistor" rather than an "interpreter" and that the Election Code's assistor and interpreter provisions are "difficult to explain to prospective voters." (*Id.*). On appeal, OCA again described its harm as having to spend additional time with each voter explaining "that when they bring an interpreter to a Texas polling location, the interpreter must identify his or herself as an 'assistor' rather than as an 'interpreter.'" *OCA-Greater Houston*, 867 F.3d at 610. The Court of Appeals agreed that OCA's efforts "to educate voters about Texas's assistor-versus-interpreter distinction" constituted a legally cognizable injury because those efforts "consumed its time and resources in a way they would not have been spent absent the Texas law." *Id.* at 612. This resource-expenditure injury is caused by the "secret password" problem: OCA

has to spend time explaining the assistor–interpreter distinction to limited-English-proficiency voters because the Texas Election Code limits the use assistors and interpreters instead of simply permitting voters to receive help in the manner provided for in Section 208.

3. Conclusion

The Court and the Court of Appeals have both found that Section 208 applies to steps in the voting process that take place both before entering and after leaving the voting booth. (Order, Dkt. 60, at 19); *OCA-Greater Houston*, 867 F.3d at 615. Sections 64.031 and 64.032(c) together permit voters to receive assistance to vote to the same extent permitted by Section 208. Section 64.0321 then limits that right to assistance to conduct that occurs in the voting booth.

As discussed above, Section 64.0321 falls within the scope of the parties' presentation of their dispute because the parties have disagreed about whether Section 64.0321 is coextensive with Section 208 throughout this litigation. More importantly, because it limits voters' right to assistance, Section 64.0321 causes the injury articulated by OCA throughout this litigation by requiring the organization to teach its members that they must be careful about identifying their helpers as either "assistors" or "interpreters" based on what they need help with at the polling place. In keeping with the Court of Appeals' mandate, the Court will therefore include Section 64.0321 in its revised injunction.

II. REVISED INJUNCTION

In light of the Court's August 12th Order, the Court of Appeals' opinion, and the considerations discussed above, the Court **ENJOINS** Defendants, their employees, agents, and successors in office, and all persons acting in concert with them, from enforcing Texas Election Code Section 64.0321 or Texas Election Code Section 61.033.

Additionally, the Court further **ENJOINS** Defendants to implement a remedial plan consistent with the following terms:

1) Defendants shall revise training and instructional materials for state and county election officials to remove language that reflects the substance of Sections 61.033 and 64.0321. Specifically, such training and instructional materials shall no longer state that (a) an interpreter must be registered to vote in the same county as the voter; or (b) that assisting a voter is limited to conduct that occurs while the person is in the presence of the voter's ballot or carrier envelope. This component of the Court's injunction shall apply only to training or instructional materials published more than six weeks after the date of this order.

2) Defendants shall distribute notice to all county elections departments clarifying that they are not to enforce Sections 61.033 and 64.0321. The notice should explicitly explain that an eligible voter is entitled to receive assistance from a person of their choosing, even if the person is not a registered voter, is registered to vote in a different county, is not of age to vote, or is not a United States citizen, so long as that person is eligible to provide assistance under Section 208. The notice should also explain that an eligible voter is entitled to receive assistance from a person of their choosing regardless of whether they identify that person as their "assistor" or "interpreter." The notice may be distributed through any means, electronic or otherwise, reasonably calculated to inform county election officials that they are not to enforce Sections 61.033 or 64.0321. Defendants shall issue this notice no later than three months after the date of this order.

**SIGNED** on May 15, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE