UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| FEDERICO FLORES, JR., <br> MARIA GUERRERO, and <br> VICENTE GUERRERO, <br>   *Plaintiffs*, <br><br> v. <br><br> RUTH R. HUGHS, IN HER OFFICIAL <br> CAPACITY AS TEXAS SECRETARY OF <br> STATE, and ARMANDINA MARTINEZ, <br> ALMA GARCIA, ALICIA DOUGHERTY <br> NO. 1, ALICIA DOUGHERTY NO. 2, <br> YOLANDA MARTINEZ, <br>   *Defendants*. | § § § § § § § § § § § § § §    Case No. 7:18-cv-113 |

## DEFENDANT RUTH R. HUGHS' REPLY IN SUPPORT OF
## FIRST AMENDED MOTION FOR SUMMARY JUDGMENT

This case involves a challenge to provisions of the Texas Election Code that Secretary Hughs does not enforce and that Plaintiffs admit they will not be subject to in future elections.[1] No legal argument in Plaintiffs' response brief—they attach no new evidence—can overcome these fatal jurisdictional deficiencies.

Even if the Court could reach the merits, Plaintiffs have not prevailed on their extremely high burden of showing that the challenged mail-in ballot provisions in the Election Code are facially unconstitutional, i.e., unconstitutional in all circumstances. They also cannot overcome a related problem with their due process claim: they never took advantage of the process that the Texas Election Code affords them to contest the EVBB's decision to reject their ballots.

Plaintiffs' claims should be dismissed.

---

[1] After the filing of the Texas Secretary of State's motion for summary judgment, Ruth R. Hughs was appointed as the Texas Secretary of State. *See* Dkt. No. 73.

1

**ARGUMENT AND AUTHORITIES**

I. **The Secretary of State does not have enforcement authority over mail-in ballot procedures.**

Recognizing the redressability problems in this suit, Plaintiffs attempt to resolve that issue by pointing to *OCA-Greater Houston v. Texas*, 867 F.3d 604 (5th Cir. 2017), for the proposition that the Secretary of State belongs in this case. *See* Dkt. No. 71 at 4-5. Not so.

*OCA-Greater Houston* addressed whether the Secretary of State was a proper party to a facial challenge when an organization challenged a state election statute as violating a federal statute that allegedly impacted its members. *OCA-Greater Houston*, 867 F.3d at 612-13. Specifically, the state statute at issue in *OCA-Greater Houston* barred a voter's son from serving as the voter's interpreter because the son was not registered to vote in the same county as his mother. During the litigation, the voter passed away, ending the 42 U.S.C. § 1983 claim, and leaving only a facial challenge by *OCA-Greater Houston* brought pursuant to Section 208 of the Voting Rights Act. *Id.* at 609. After analyzing organizational standing and the Secretary of State's redressability arguments, the Fifth Circuit found that the Secretary of State was the proper party for the facial challenge under Section 208 of the VRA. *Id.* at 613–14.

*OCA-Greater Houston* should not be extended beyond the unique factual circumstances presented there. A key aspect of redressability is that a governmental official must have some sort of enforcement power or ability to remedy at least some part of the plaintiff's alleged underlying harm. *See K.P. v. LeBlanc*, 627 F.3d 115, 123–24 (5th Cir. 2010). But that is not the case here. At best, Plaintiffs assert that the Secretary of State has the authority to provide education and training. Dkt. No. 71 at 4-6. This is no doubt

true, as other courts have recognized in cases involving the Secretary of State. *See id.* But the limited authority to provide training or education is very different from the authority to enforce or mandate something; a great number of individuals or groups, including those well-versed in Texas election law and election processes generally, could provide the EVBBs with training. Only the EVBBs themselves, however, can administer the provisions that Plaintiffs challenge. *See* Tex. Elec. Code § 87.061 (declaring the EVBB as the authority responsible for counting mail-in ballots). Accordingly, the Secretary of State lacks the requisite enforcement authority to be brought in as a party to this case. She should be dismissed.

## II.  Plaintiffs lack standing.

Plaintiffs concede, as they must, that they each acknowledged in their depositions that they do not intend to vote by mail in future elections. Dkt. No. 71 at 9. Recognizing the hurdle this poses to their request for prospective injunctive relief, they make several arguments in an attempt to salvage their standing to proceed. None are availing. First, Plaintiffs claim that they have standing to pursue nominal damages. *Id.* at 8-9. This is wrong as a matter of law. Plaintiffs have sued the Texas Secretary of State in her official capacity under the *Ex Parte Young* exception to sovereign immunity, *see* Dkt. No. 58 ¶ 10, and *Ex Parte Young* does not allow a claim for nominal damages in a claim against an official sued in her official capacity.[2] *See NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389,

---

[2] This is true even though this case was removed to federal court. That removal waived the Secretary of State's immunity from suit, but not from liability. *See Meyers ex rel. Benzing v. Texas*, 454 F.3d 503, 504 (5th Cir. 2006) ("[W]hen a State removes to federal court a private state court suit based on a federal-law claim, it invokes federal jurisdiction and thus waives its unqualified right to object peremptorily to the federal district court's jurisdiction on the ground of state sovereign immunity. However, that waiver does not affect or limit the State's ability to assert whatever rights, immunities or defenses are provided for by its own sovereign immunity law to defeat the claims against the State finally and on their merits in the federal courts.").

3

394 (5th Cir. 2015) (explaining that claims for money damages cannot be brought against a state official sued in an official capacity); *see, e.g.*, *Hall v. Davis*, 2019 WL 338001, at *2 (S.D. Tex. Jan. 28, 2019) ("Plaintiff seeks nominal, compensatory, and punitive damages. To the extent he brings any claims for money damages against Defendants in their official capacities, the state is immune under the Eleventh Amendment.").[3]

Second, Plaintiffs claim that they have standing to seek a declaration of past violations of the law. Dkt. No. 71 at 8-9. Again, that is not how *Ex Parte Young* works. The *Ex Parte Young* doctrine does not permit declarations regarding past conduct—as the Supreme Court and Fifth Circuit have held repeatedly. *E.g.*, *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) ("[T]he [*Young*] exception is narrow: It applies only to prospective relief, [and] does not permit judgments against state officers declaring that they violated federal law in the past."); *e.g.*, *Hall v. Tex. Commission on Law Enforcement*, 685 F. App'x 337, 340 (5th Cir. 2017) (explaining that the *Young* exception is prospective in nature).

Third, and finally, Plaintiffs argue that they would have voted by mail, but that they have been so discouraged based on their experiences in the March 2018 Democratic primary that they are "too skeptical to believe that their constitutional right to vote would be respected in the future." Dkt. No. 71 at 9-10. These speculative fears of alleged future harms do not satisfy Article III, which requires a plaintiff to show that an injury is "certainly impending" or that there is a "substantial risk" of harm. *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014); *Clapper v. Amnesty Int'l USA*, 568 U.S. 398,

---

[3] Plaintiffs' sole authority in this section of their brief, *Familias Unidas v. Briscoe*, 619 F.2d 391 (5th Cir. 1980), defeats their own argument. *See id.* at 405 ("Consequently, the State of Texas . . . may not be held liable . . . even for nominal damages under section 1983.").

4

409, 414 n.5 (2013)). Plaintiffs have not made that showing. "In the context of prospective injunctive and declaratory relief, past exposure to illegal conduct, by itself, does not evince a present case or controversy and thus cannot establish standing." *Machete Prods., L.L.C. v. Page*, 809 F.3d 281, 288 (5th Cir. 2015). In *Machete Productions*, the Court dismissed for lack of standing a First Amendment claim that the State had unlawfully denied a film grant. *Id.* The Court concluded there was insufficient evidence that the plaintiff intended to produce another film in the Machete franchise or that it had any outstanding grant requests. *Id.*; *accord Soc'y of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1286 (5th Cir. 1992) ("It is beyond our mandate to issue prospective relief every time a state actor arguably infringes a constitutional right.").

The same result should obtain here. Not only is there insufficient evidence that Plaintiffs intend to vote by mail in the future, but the record contains affirmative sworn statements that Plaintiffs will not do so. *See* Dkt. No. 65 at 12. And taking Plaintiffs at their word that they may pursue an alternative avenue to vote, they do not argue, and the case law does not support, that a voter has a right to vote in his or her preferred format. *See McDonald v. Bd. of Election Comm'rs of Chi.*, 394 U.S. 802 (1969) (upholding a statute allowing some, but not other, citizens to vote absentee); *Veasey v. Abbott*, 830 F.3d 216, 307 (5th Cir. 2016) (Jones. J., dissenting) ("No court has ever held that a voter has a right to cast a ballot by the method of his choice."). Thus, the fact that Plaintiffs—by their own testimony—can and will vote, or at a minimum, intend to vote, in person in future elections means they lack the requisite injury-in-fact to challenge Texas's mail-in ballot requirements and procedures.

For all of these reasons, Plaintiffs lack standing.

### III. Plaintiffs cannot claim a violation of their due process rights when they did not even attempt to utilize the State's process.

On the merits, Plaintiffs first argue that the *Matthews* analysis applies to their claims. Dkt. No. 71 at 11-12. But the statutes at issue in this case regulate the mechanics of voting, *i.e.,* how a voter delivers their ballot and how County-level officials verify the identity of the voter after receiving that ballot. The right to vote is not absolute, which is why the Supreme Court has applied the flexible *Anderson/Burdick* standard when evaluating election code provisions governing the mechanics of the voting process like the statutes at issue in *Anderson* (early filing deadlines) and *Burdick* (ban on write-in voting). Thus, Plaintiffs are incorrect in asserting that *Matthews* applies.

Their remaining merits arguments faulting the mail-in ballot verification process fare no better. Because those issues have been thoroughly briefed elsewhere, Secretary Hughs stands on the briefing already submitted. *See* Dkt. No. 65 at 12-18; Dkt. No. 70 at 2-7. But one point that Plaintiffs raise is worth addressing a bit more fulsomely: Plaintiffs argue that the process provided by the Election Code—that a county election officer can bring suit to challenge an EVBB's decision to accept or reject a mail-in ballot, *see* Tex. Elec. Code § 87.127—is inadequate because it is speculative that the process would have resulted in a favorable outcome.[4] Dkt. No. 71 at 14-15. That is not how the due process analysis works. A plaintiff cannot lie in wait, ignore an established process for relief, and then claim that the process was inadequate. *See, e.g., Santana v. City of Tulsa*, 359 F.3d 1241, 1244 (10th Cir. 2004) ("A party cannot create a due process claim by ignoring

---

[4] Because the March 2018 Democratic primary was not an "election ordered by the governor or by a county judge," the county election officer would not have been required to "confer with and establish the agreement of the county chair of each political party before petitioning the district court." Tex. Elec. Code § 87.127(b).

6

established procedures."); *see also, e.g.*, *Dubuc v. Twp. of Green Oak*, 406 F. App'x 983, 989 (6th Cir. 2011) (holding that property owners who failed to take advantage of a zoning board's postdeprivation appeals procedures could not claim that those procedures violated due process); *Herrell v. Benson*, 261 F. Supp. 3d 772, 777–78 (E.D. Ky. 2017) (noting that the plaintiff "was afforded due process, but waived his right to it by refusing to participate in the process offered to him."). And as the Secretary of State demonstrated in the response to Plaintiffs' summary judgment motion, other county election officers have successfully petitioned courts to order EVBBs to reconsider rejections of mail-in ballots. *See* Dkt. No. 70-1. The fact that it is unknown whether that would have been the outcome here cuts decisively *against* Plaintiffs' due process claims, not in favor of them.

### IV. Summary judgment should be granted for the Secretary of State on Plaintiffs' Equal Protection claim because Plaintiffs have abandoned that claim.

Finally, Plaintiffs acknowledge that they are no longer pursuing an Equal Protection claim, Dkt. No. 71 at 3, but that claim is still included in their Second Amended Complaint, Dkt. No. 58 at 13-14, and was addressed in the Secretary of State's amended summary judgment motion, Dkt. No. 65 at 18-19. Because Plaintiffs did not respond to that portion of the summary judgment motion, the Court may treat it as unopposed. *See* Southern District Local Rule 7.4 ("Failure to respond to a motion will be taken as a representation of no opposition."). For these reasons and those stated in the original motion, the Court should grant the Secretary's motion for summary judgment on Plaintiffs' equal protection claim.

### CONCLUSION

Plaintiffs' claims should be dismissed.

**Dated:** August 26, 2019.	**Respectfully submitted**.

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**DARREN L. MCCARTY**
Deputy Attorney General for Civil Litigation

**THOMAS A. ALBRIGHT**
Chief, General Litigation Division

*/s/ Michael R. Abrams*
**MICHAEL R. ABRAMS**
Southern District ID No. 2513900
Texas Bar No. 24087072
Attorney-in-Charge
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 463-2120
Facsimile: (512) 320-0667
michael.abrams@oag.texas.gov

**Counsel for Defendant Ruth R. Hughs, in her Official Capacity as Texas Secretary of State**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was filed electronically with the Court and delivered by CM/ECF on August 26, 2019 to all counsel of record.

                                       /s/ *Michael R. Abrams*
                                       Michael R. Abrams
                                       Assistant Attorney General