# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS MCALLEN DIVISION

FEDERICO FLORES, JR., et al.,                    §
                                                 §
*Plaintiffs*,                                    §
                                                 §      Civil Case No. 7:18-cv-00113
v.                                               §
                                                 §
RUTH R. HUGHS, IN HER OFFICIAL                   §
CAPACITY AS TEXAS SECRETARY                      §
OF STATE, et al.,                                §
                                                 §
*Defendants*.                                    §

## [PROPOSED] ORDER

On March 25, 2020 came on to be considered Defendants A. MARTINEZ, GARCIA, DOUGHERTY NO. 1 and DOUGHERTY NO. 2, and Y. MARTINEZ' (the local Early Voting Ballot Board individual members, hereinafter "local Defendants") Motion to Dismiss/Motion for Summary Judgment (Dkt. 66).

Having considered the motion, any exhibits or other evidence, and the argument of counsel, if any, the Court is of the opinion that the individual local Defendants' motion should be DENIED IN PART AND GRANTED IN PART.

### A.  Qualified Immunity

The local Defendants argue that they are entitled to the defense of qualified immunity and should therefore be dismissed from this action.

#### 1.  Qualified Immunity Standards

When a defendant asserts qualified immunity, the plaintiff bears the burden of pleading facts that demonstrate liability and defeat immunity. *Zapata v. Melson,* 750 F.3d 481, 485 (Fifth

Cir. 2014); *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002)(en banc).

 The doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal. *Whitley v. Hanna,* 726 F.3d 631, 638 (5th Cir. 2013) The plaintiff must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Id*. And vicarious liability doesn't apply to § 1983 suits. *Ashcroft v. Iqbal,* 556 U. S. 662, 676 (2009).

    2.   Plaintiffs' Allegations

Plaintiffs have made three claims for relief in their most recent complaint. Dkt 58 (Plaintiffs' Second Amended Complaint). Plaintiffs have argued that an alleged lack of a process to afford a voter an opportunity to cure a perceived deficiency when his or her mail ballot is rejected violates the right to vote and the right to due process and equal protection of the law. Dkt. 58, p. 11 (Count 1). While the Plaintiff also argued that an alleged lack of uniform standards to determine when a ballot is acceptable and have alleged that the alleged manner in which the local Defendants reviewed and rejected mail ballots also violated their rights (counts 2 and 3) these claims have been abandoned. *See* Dkt. 76, n. 1 ("Plaintiffs affirmatively abandon those [counts 2 and 3] claims."). Thus the only remaining claim is that the alleged lack of process in the challenged statute violates Plaintiffs' rights, a facial challenge.

With regard to the local Defendants, no as applied allegations remain.

    3.   Analysis

As mentioned above the Plaintiffs must show: (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct.

Here the Plaintiffs have failed to show how the local defendants have done any more than follow State law; and have failed to establish that the right they alleged has been violated was clearly established at the time of the challenged conduct.  Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law," *Malley v. Griggs*, 475 U.S. 335, 341 (1986).  Here Plaintiffs have plainly failed to show either. In fact Plaintiffs' counsel acknowledge the local Defendants entitlement to qualified immunity at argument in the motions hearing of March 25, 2020.

Therefore based on the foregoing, on the pleadings in this case, the evidence presented and the argument of counsel, Defendants A. MARTINEZ, GARCIA, DOUGHERTY NO. 1 and DOUGHERTY NO. 2, and Y. MARTINEZ's Motion to Dismiss based on qualified immunity is GRANTED.

B.  Injunctive Relief

Defendants A. MARTINEZ, GARCIA, DOUGHERTY NO. 1 and DOUGHERTY NO. 2, and Y. MARTINEZ's Motion to dismiss based on grounds of standing is hereby DENIED.[1]

SO ORDERED this_____day of March, 2020

_____
HON. RICARDO H. HINOJOSA

---

[1] The local defendants argument do not take any position on whether the challenged statute provides sufficient protections for disqualified ballots. *See* Dkt. 66 (challenging Plaintiffs' standing, and Defendants' entitlement to qualified immunity). Moreover, any Declaratory Relief or Injunctive Relief granted against the Texas Secretary of State regarding additional notice and cure opportunities for rejected ballots will of course be applicable to the local Defendants.