IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| FEDERICO FLORES, JR., et al., § § *Plaintiffs*, § § v. § § RUTH R. HUGHS, IN HER OFFICIAL § CAPACITY AS TEXAS SECRETARY § OF STATE, et al., § § *Defendants*. | Civil Case No. 7:18-cv-00113 |

**[PROPOSED] ORDER**

On this day came on to be considered the Plaintiffs' Second Amended Joint Motion for Summary Judgment. Having considered the motion, any exhibits or other evidence, and the argument of counsel, if any, the Court is of the opinion that the Plaintiffs' motion should be GRANTED.

**DECLARATORY JUDGMENT**

IT IS HEREBY ORDERED AND DECLARED that Sections 87.041(b)(2) and 87.041(d) of the Texas Election Code, to the extent that they permit and/or require the rejection of any ballot voted by mail for perceived signature discrepancy without affording the affected voter a constitutionally sufficient assurance of notice and opportunity to cure so that the ballot may be counted in the election at issue, violate the right to vote, and procedural due process of law under the Fourteenth Amendment to the United States Constitution.

## INJUNCTION

The Court hereby further ENJOINS Defendants, their employees, agents, and successors in office, and all persons acting in concert with them, from rejecting any mail-in ballot for perceived signature discrepancy without implementing a sufficient cure procedure designed to provide affected voters with timely notice and opportunity to affirm that the voter did in fact submit the mail ballot received in his or her name, so that it can be counted in that election.

Specifically, the Court further ENJOINS Defendants to implement a remedial plan consistent with the following terms:

1) With respect to any mail-in ballots slated for rejected based on a perceived signature discrepancy in any election held after the date of entry of this Order, Defendant presiding judge of the Starr County Early Voting Ballot Board ("the presiding judge") shall deliver the Notice of Rejected Ballot by placing it in the mail to the voter's address no later than the day after the ballot was reviewed by the EVBB, along with the cure declaration attached to this Order as Appendix A and a Reasonable Impediment declaration form. Further, for any voters who provided a telephone number or email address on his or her voter registration document or application for ballot by mail, the presiding judge or his or her designee (which may be the Early Voting Clerk) shall provide additional notice that the voter's mail ballot has been slated for rejection by phone and email (as provided by the voter) to the voter no later than the day after the ballot was reviewed by the EVBB.

   a. Any such notice email shall either attach a copy of the cure declaration or include a link to the cure declaration, and shall also notify the voter that the cure declaration is available for pickup by the voter or his or her designee at the office of the Early Voting Clerk.

2

    b. Any such notice phone call or voicemail shall inform the voter that the cure declaration is being sent to his or her address, and that the cure declaration is also available for pickup by the voter or his or her designee at the office of the Early Voting Clerk.

2) Any returned completed cure declarations shall be considered timely if received by the Early Voting Clerk not later than the sixth day after the date of the election (the same deadline as for documentation provided by provisional ballot voters).

3) The early voting ballot board shall review any timely submitted cure declarations on or before the ninth day after the date of the election, or the thirteenth day after the date of the election for any election held on the date of the general election for state and county officers, as appropriate (the same deadline as for verification of provisional ballots), and if the declaration is properly completed, shall accept the voter's mail ballot.

4) Defendant Secretary of State shall revise training and instructional materials for state and county election officials consistent with this Order.

5) Defendants shall distribute notice to all county elections departments clarifying that they are to implement the signature cure declaration. The notice shall explicitly explain that any mail ballot voter whose ballot is slated for rejection due to perceived signature discrepancy is entitled to receive timely notice and provided an opportunity to validate their ballot as outlined in this Order. The notice may be distributed through any means, electronic or otherwise, reasonably calculated to inform county election officials of the substance of this Order. Defendants shall issue this notice no later than six weeks after the date of this Order.

6) This Court shall retain jurisdiction to monitor and ensure compliance with this Order for a period of one year after the date of this Order.

## NOMINAL DAMAGES

Each Plaintiff is entitled to nominal damages in the amount of $1.00 for the violation of his or her constitutional rights in that his or her March 2018 primary ballot was rejected in violation of procedural due process requirements under the United States Constitution. *Carey v. Piphus*, 435 U.S. 247, 266 (1978); *see also Archbold-Garrett v. New Orleans City*, 893 F.3d 318, 322 (5th Cir. 2018).

The Court will enter a final judgment by separate document pursuant to Federal Rule of Civil Procedure 58.

SO ORDERED this _____ day of _____ 2020

_____
HON. RICARDO H. HINOJOSA