# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | | |
|---|---|---|
| **FREDERICO FLORES JR., et al.** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. **7:18-cv-113** |
| | § | |
| **TEXAS SECRETARY OF STATE, and** | § | |
| **ARMANDINA MARTINEZ, ALMA** | § | |
| **GARCIA, ALICIA DOUGHERTY NO. 1,** | § | |
| **ALICIA DOUGHERTY NO. 2, YOLANDA** | § | |
| **MARTINEZ,** | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS ARMANDINA MARTINEZ, ALMA GARCIA, ALICIA DOUGHERTY NO. 1, ALICIA DOUGHERTY NO. 2, YOLANDA MARTINEZ'S RESPONSE TO PLAINTIFFS' SECOND AMENDED JOINT MOTION FOR SUMMARY JUDGMENT

The plaintiffs' Second Amended Joint Motion for Summary Judgment seeks summary judgment and injunctive relief only on one basis, a procedural due process violation of the right to vote because Texas law does not allow a sufficient opportunity to cure rejected mail-in ballots. *See* Dkt. 94. To be clear, this is a facial challenge of Texas law. Currently, Starr County is not in any position to cure a rejected mail-in ballot except within the parameters of Texas law and as directed to do so by the Secretary of State.

The inclusion of the local Defendants (the EVBB) is this case is unnecessary. The Plaintiffs assert and the State Defendants have acknowledged that the clear statutory authority of the Secretary of State to "advise the counties on compliance with the Texas Election

Code" and "of the election laws outside this code." *See* Defendant Hughs' Advisory (Dkt. 89) at 2.; Plaintiffs' Second Amended Motion (Dkt. 94) at 10. In fact, the State Defendants, in other litigation, have asserted that "creatures of the State" (e.g. the EVBB, acting under color of law) cannot act in opposition to the will of their creator, the State. *City of El Cenizo, et al. v. Texas*, No. 17-cv-00404-OLG, Defendant's Motion to Dismiss, Dkt. 279, p. 2; *see also Coleman v. Miller,* 307 U.S. 433, 441 (1939). As described by the Fifth Circuit, the Fourteenth Amendment is a vehicle for the proposition that the First Amendment **is incorporated against the State,** the appropriate party to defend the challenged provision of the Texas Election Code would be the State Defendant**.** *See Catholic Leadership Coal. Of Texas v. Reisman*, 764 F. 3d 409, 414 at n.1 (5th Cir. 2014).

Otherwise, the EVBB Defendants take no further position on the Plaintiffs' constitutional claims.

### Conclusion

There simply is no proof that the EVBB defendants engaged in any kind of conduct that would give rise to "an applied" challenge of the plaintiff's due process rights. The record in this case proves that the Starr County EVBB followed the law and that the State Defendants are sufficient to provide Plaintiffs any relief to which they may be entitled. For the foregoing reasons, Plaintiffs' Motion for Summary Judgment should be denied as to the EVBB Defendants.

DATED:          April 21, 2020                    Respectfully,

                                                  By: /s/ Jose Garza

                                                  GARZA GOLANDO MORAN
                                                  Jose Garza
                                                  Attorney-In- Charge
                                                  garzpalm@aol.com
                                                  Texas Bar No. 07731950

Martin Golando

Texas Bar No.

405 N. St. Mary's, Suite 700

San Antonio, Texas 78205

(210) 892-8543

Attorneys for Defendants


## CERTIFICATE OF SERVICE

 I certify that, on April 21, 2020, I filed the foregoing EVBB Defendants' Response to Plaintiffs Second Amended Motion for Summary Judgment with the Court's ECF/CM system, which will serve a copy on all counsel of record.

*/s/ Jose Garza*

Jose Garza